UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** ) | Chapter 13 |
| **JOYCE B. JACKSON** ) | Case No. 19-13119-AMC |
| Debtor ) | |
| ) | MOTION FOR STAY RELIEF |
| ) | 1750 N. 26th Steet, Philadelphia, PA |
| SANTANDER BANK, N.A. ) | |
| Movant ) | |
| vs. ) | **Hearing Date:** June 14, 2023 |
| ) | **Time: 11:00 a.m.** |
| JOYCE B. JACKSON ) | **COURTROOM NO**. 4 |
| Respondent ) | |

**MOTION OF SANTANDER BANK, N.A FOR RELIEF FROM AUTOMATIC STAY**
_____

SANTANDER BANK, N.A. ("Santander Bank"), by and through its attorneys, Gross McGinley LLP, respectfully presents the following Motion for Stay Relief pursuant to 11 U.S.C. 362(d) and in support thereof alleges as follows:

1. This Court has jurisdiction over this matter pursuant to 11 U.S.C. §157 and §1334, as well as 11 U.S.C. § 362.

2. On or about May 14, 2019, Debtor, JOYCE B. JACKSON ("Debtor") filed a Petition for Relief under Chapter 13 of the United States Bankruptcy Code ("Petition for Relief").

3. By way of brief background, on or about March 11, 2011, the Debtor obtained a home equity line of credit from Santander Bank with a credit limit of $140,000.00 as evidenced by a Home Equity Line of Credit Agreement ("Note") secured by a mortgage recorded March 24, 2011 ("Mortgage") upon the Debtor's principal residence known as 1750 N. 26th Street, Philadelphia, Philadelphia County, Pennsylvania ("Premises").

4. Santander Bank is a secured creditor with a first lien mortgage upon the Premises.

5. On or about July 23, 2019, Santander Bank filed a Proof Claim (Claim 12) reflecting a total secured claim of $141,095.29 with $0.00 in pre-petition arrearages. Santander Bank's Proof Claim and all attachments thereto are incorporated herein by reference.

6. Under the Debtor's confirmed Chapter 13 Plan the Debtor was to continue with post-petition payments outside of the Plan directly to Santander Bank with regard to the Mortgage. As of this date, the Debtor has NOT made monthly post-petition payments for the months of February, 2023 through April, 2023 with a total post-petition delinquency of $2,849.80.

7. The Debtor is currently delinquent for the February, 2023 through April 2023 monthly post-petition payments to the Bank. The monthly payment due under the terms of the Note varies month to month but the April, 2023 payment of principal and interest is $1,001.77. In breach of the Note and Mortgage, Debtor has not made required post-petition principal and interest payments to Santander Bank since of February, 2023 through April, 2023 with a total post-petition delinquency of **$2,849.80**, exclusive of late charges, attorneys' fees and costs.

8. As of April 22, 2023, the Debtor is indebted to Santander Bank in the amount of $142,112.67, together with per diem interest of $33.17, along with charges, fees and costs recoverable under the Mortgage.

9. Santander Bank is not adequately protected due to the Debtor's failure to make post-petition payments for the last three (3) months.

10. Santander Bank requests that the 14 day period set forth in Rule 4001(a)(3) be waived so that any Order entered on this Motion will take effect immediately upon its signing.

**Santander Bank is entitled to Relief from
the Automatic Stay Pursuant to 11 U.S.C. Section 362(d)**

11. Pursuant to 11 U.S.C. Section 362(d)(1), Santander Bank is entitled to relief from the automatic stay for sufficient cause, including without limitation, the lack of adequate protection of Santander Bank's interest in the Premises, in that:

a)  the interests of Santander Bank are not adequately protected by reason of the Debtor's failure to make post-petition payments of principal or interest due under the Note, and Mortgage, for the last three (3) months, Debtor received the consideration for the claim held by Santander Bank, and the liens and mortgages upon the Premises continue to increase; and

b)  the interests of Santander Bank are not adequately protected due to the lack of payments, any proof of fire/casualty insurance on the Premises, or payment of real estate taxes.

WHEREFORE, Santander Bank, N.A., requests:

a)  that the automatic stay issued pursuant to 11 U.S.C. §362 be modified to allow Santander Bank to pursue all available Pennsylvania state court remedies against the Premises, including without limitation, a foreclosure upon and Sheriff Sale of the Premises;

b)  Debtor be obligated to pay monthly post-petition payments to Santander Bank, and /or

c)  such other additional relief as may be equitable and just under the circumstances.

Respectfully Submitted,
**GROSS MCGINLEY LLP**

*/s/Kellie Rahl-Heffner*
Kellie Rahl-Heffner, Esq., PA Bar #200962
*Attorneys for Santander Bank, N.A.*
33 S. 7th Street, PO Box 4060
Allentown, PA 18105
Phone No. 610-820-5450
krahl-heffner@grossmcginley.com