UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| JOYCE B. JACKSON | ) | Case No. 19-13119-AMC |
| Debtor | ) | |
| | ) | STIPULATION FOR STAY RELIEF |
| | ) | 1750 N. 26th Steet, Philadelphia, PA |
| SANTANDER BANK, N.A. | ) | |
| Movant | ) | |
| vs. | ) | **Hearing Date: June 14, 2023** |
| | ) | **Time: 11:00 a.m.** |
| JOYCE B. JACKSON | ) | **COURTROOM NO. 4** |
| Respondent | ) | |

## STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY

SANTANDER BANK, N.A., ("Santander"), by and through its attorney, Kellie Rahl-Heffner, Esquire of Gross McGinley LLP, and Debtor, Joyce B. Jackson, ("Debtor"), along with her counsel, Brad J. Sadek, Esquire, agree and stipulate to Relief from the Automatic Stay pursuant to 11 U.S.C. 362(d), and in support thereof, alleges as follows:

1. On or about May 14, 2019, Debtor filed a Petition for Relief under Chapter 13 of the United States Bankruptcy Code.

2. By way of brief background, on or about March 11, 2011, the Debtor obtained a home equity line of credit from Santander Bank with a credit limit of $140,000.00 as evidenced by a Home Equity Line of Credit Agreement ("Note") secured by a mortgage recorded March 24, 2011 ("Mortgage") upon the Debtor's principal residence known as 1750 N. 26th Street, Philadelphia, Philadelphia County, Pennsylvania ("Premises").

3. At the time of the filing of the Motion for Stay Relief, the Debtor had not made monthly post-petition payments to Santander as required under the Note and the confirmed Chapter 13 plan and was due for the months of February, 2023 through April, 2023 totaling $2,849.80, exclusive of attorneys fees and costs of $938.00.

4. Since the filing of the Motion for Relief, the debtor has made payments to Santander and is currently delinquent for a portion of the April, 2023 payment along with the May and June payments totalling $2,602.71 plus attorney fees and costs of $938.00 for a total of $3,540.71

5. The Debtor has agreed to cure the existing post-petition delinquency ($3,540.71)

("Arrearage") by adding the post-petition delinquency to be paid through the Chapter 13 Plan.

6. The Debtor, by and through her counsel shall file an amended Chapter 13 Plan within 20 days of the execution of this Stipulation, that properly provides for the post-petition delinquency of $3,540.71 to be paid through the Chapter 13 Plan.

7. Beginning on July 22, 2023, the Debtor shall make the regular monthly payments outside of the Plan, directly to Santander Bank. The payment amount varies from month to month and the Debtor shall make payments according to the terms of the Contract.

8. The Parties hereto stipulate and agree that the Automatic Stay provisions of Section 362 shall be conditionally granted to Santander as of the date this Stipulation is filed with the Court, under the terms set forth in this Stipulation.

9. If the Debtor fails to make monthly payments to the Trustee as set forth in this Stipulation, or fails to make the monthly payments directly to Santander Bank outside of the Chapter 13 Plan, Santander agrees that it will provide the Debtor and her counsel with ten (10) days written notice of such delinquency. Debtor shall have ten (10) days from the date of such notice to cure the delinquency ("Notice Period").

10. Should the Debtor fail to make monthly payments to the Trustee and fail to cure the default within the Notice Period, Santander may file a Certificate of Default and upon such filing, the Automatic Stay provisions of Section 362 shall be unconditionally terminated with respect to Santander and Santander shall be entitled to proceed with available State court remedies against remedies against the Premises, including without limitation, a Mortgage Foreclosure and Sheriff's Sale of the Premises, all without further application to the Bankruptcy Court or further notice to the Debtor or her counsel.

11. Debtor's counsel represents that he has reviewed this Stipulation with the Debtor and he has received specific authorization to bind the Debtor to the terms of this Stipulation and to sign this Stipulation for Relief from Stay on her behalf in the event the Debtor does not personally sign this Stipulation.

12. The parties agree that this Stipulation may be signed in counterparts and that an electronic or facsimile signature, or a copy thereof, shall have the same force and effect as an original signature.

13. The parties agree and stipulate to the waiver of the 14 day period set forth in Rule 4001(a)(3), in that the Order shall take effect immediately upon its signing.

**WHEREFORE**, the Debtor, along with her counsel, and Santander, by and through its counsel, request this Court to enter an Order which provides:

(a) that the Automatic Stay provisions of Section 362 shall be conditionally terminated as to Santander as of the date this Stipulation is filed with the Court;

(b) that if the Debtor fails to make the payments pursuant to the terms of this Stipulation, then upon the Notice of Default to Debtor and the filing of a Certificate of Default, the Automatic Stay provisions of Section 362 shall be unconditionally terminated with respect to Santander and Santander shall be entitled to proceed with available State Court remedies against the Premises located at 1750 N. 26th Street, Philadelphia, Philadelphia County, Pennsylvania, including without limitation, a mortgage foreclosure and Sheriff's Sale of the Premises, all without further application to this Court or notice to the Debtor or her counsel.

*Kellie Rahl-Heffner*
_____
KELLIE RAHL-HEFFNER, ESQUIRE
Attorney for Santander Bank

_____
BRAD J. SADEK, ESQUIRE
Attorney for Debtor

Consent/No Objection of Chapter 13 Trustee:

/s/Ann E. Swartz, Esq. - Staff Attorney
_____
SCOTT F. WATERMAN